### WILLIAM KOLLE, ET AL. V. JACOB FOLTZ, ET AL.

*Time of Taking Exceptions.*—The statute imperitively requires an exception to be taken at the time of the ruling, although time may be granted for reducing the exception to writing.

Filed April 2, 1881.

Appeal from Vanderburg.

Opinion of the court by Mr. Justice Elliott.

On the eighteenth day of the January term, 1878, of the superior court of Vanderburg county, a demurrer was sustained to appellants' complaint, and leave to amend was granted. At the next term of said court, the following proceedings were had: "Now come the plaintiffs, by Robert A. Hill, their attorney, and withdraws their motion for leave to amend their compliant, and enters his exceptions to the ruling of the court on the demurrers to the complaint heretofore rendered herein." We

have copied literally from the record, and, although the entry is a very clumsy one, we think that the exceptions entered may be fairly said to be that of the appellants and not of Robert A. Hill, their attorney. The language, if literally interpreted, would mean that the exception was that of the attorney, and not that of the appellants.

It is insisted by appellees that there was no exception taken at the time to the ruling on the demurrer, and that there is, therefore, no question so reserved as to be available upon appeal. The language contained in the extract made from the record " and enters his exceptions, to the ruling of the court on the demurrer to the complaint heretofore rendered herein," shows, not an exception taken at the time the ruling was made, but an exception to a ruling made at a former term. It is impossible without violating all rules of construction, to attach any other meaning to the words quoted; they refer not to the present, but to the past. The code imperatively requires that the exception shall be taken at the time. The 343d section provides that: " The party objecting must except at the time the decision is made." The provisions of the statute upon this subject are unusually explicit, " the exception must be taken at the time the decision is made, but time may be given to reduce the exception to writing." There is a very material difference between the act of excepting, and the act of putting the exception in writing. Time may be allowed for the latter, but not for the former. The power given to the court is to allow time to put the exception in form; not to grant time for the interposition of the exception itself.

The judgment must be affirmed.